THE STATE OF OHIO, APPELLANT, *v.* ALLEN, APPELLEE.

(No. 87AP-1167—Decided May 10, 1988.)

*Ronald J. O'Brien,* city attorney,

*James J. Fais, Marie O. Juskiw* and *Thomas K. Lindsey,* for appellant.

*James Kura,* county public defender, *Barbara Slutsky* and *Ted Barrows,* for appellee Eddie Lee Allen.

McCORMAC, J. Eddie Lee Allen, defendant-appellee, was charged with domestic violence in violation of R.C. 2919.25(A). He was then brought before the court in regard to a temporary protection order pursuant to R.C. 2919.26. During the testimony concerning the temporary protection order, the trial court ruled that defendant was not a family member to which the charge of domestic violence was applicable and ordered the case dismissed.

The state of Ohio appeals, asserting that the trial court erred in dismissing the charge of domestic violence in that the victim was a "family or household member" as defined in R.C. 2919.25(E).

The sole testimony before the trial court was that of the victim who stated that defendant does not live with her but that he broke a window to get into her property and that he grabbed the telephone and put the cord around her neck and proceeded to hit her. She initially stated that she had never lived with defendant, but that he was the father of her two children. She then stated that two or three years ago he had lived in her apartment for about three to four months before she asked him to leave. She said that she asked him to leave because he was a really violent person and she knew they could not live together as husband and wife. She stated that she did not consider them to be husband and wife during the period when he stayed in her apartment and she did not want him to live on the premises as a husband because he did not work and support her.

Following this testimony, the trial court stated:

"THE COURT: The mere fact that violence occurs between a male and a female who may have at some time had sexual intercourse does not mean that they come within the code relating to domestic violence."

The trial court then dismissed the charge on the grounds that the relationship does not come within the domestic violence statute. He recommended that consideration be given to filing a charge of aggravated burglary.

The state asserts that the trial court erred in finding that the relationship between the parties does not come within the domestic violence statute.

R.C. 2919.25, entitled "domestic violence," provides, as pertinent, as follows:

"(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member. "* * *

"(E) As used in this section and section 2919.26 of the Revised Code:

"(1) 'Family or household member' means a spouse, a person living as a spouse, a former spouse, *or* a parent, a child, or another person related by consanguinity or affinity *to a spouse, person living as a spouse, or former spouse,* who is residing or has resided with the offender.

"(2) 'Person living as a spouse' means a person who is living with another in a common law marital relationship or who is otherwise cohabiting with another."

The first and primary issue is whether R.C. 2919.25(E)(1) should be interpreted to provide that the clause "who is residing or has resided with the offender" applies to "a person living as a spouse."

Although R.C. 2919.25(E)(1) is somewhat ambiguous, the better construction of the language contained therein is that a family or household member means a spouse, a person living as a spouse, and a former spouse as the first class of persons defined with no requirement as to that class of persons that there be proof that they are residing or have resided with the offender. These persons are family or household members to whom the domestic violence statute applies without proof that they are residing or have resided with the offender. The second category of persons is comprised of a parent, a child, or another person related by consanguinity or affinity to a spouse, person living as a spouse, or former spouse. These persons who are spousal or spousal-type relatives are subject to the domestic violence law only if they have resided or are residing with the offender. They do not become subject to the law merely by proof of the relationship itself. While admittedly this is not the only possible interpretation of R.C. 2919.25(E)(1), it is a reasonable interpretation which does not distort the statute given the strict construction that must be given to criminal statutes. Strictly construed, R.C. 2919.25 does not provide that a person who once lived as a spouse (even if that be defendant) remains a family or household member after he no longer resides with the victim.

Plaintiff has cited the unreported case of *Chillicothe* v. *Copp* (Sept. 23, 1981), Ross App. No. 834, unreported, in which the court interpreted a prior version of R.C. 2919.25 to include a former spouse who was no longer residing with the offender on the basis that the former spouse was included under the language "living as a spouse who has resided with the offender" since, after the divorce, the defendant lived with the victim for a period of time. In *Copp,* the trial court did not discuss the strict construction of criminal statutes but merely held that such interpretation would help deter the evil which the legislature sought to remedy when it enacted the statute.

However, after *Copp* was decided, the words "former spouse" were included by amendment to R.C. 2919.25(E) so that the defendant in *Copp* would now be included. Parenthetically, the General Assembly, when amending R.C. 2919.25 to include "former spouse" as well as "spouse," did not amend the statute to include a person who formerly lived as a spouse in addition to a person living as a spouse.

The trial court correctly ruled that defendant was not included within the meaning of a family or household member pursuant to R.C. 2919.25(E)(1) because defendant was not a spouse, a person living as a spouse, or a former spouse or, in the second category, a parent, a child, or another person related by consanguinity or affinity to such person who is residing or has resided with the offender.

There was also insufficient evidence to indicate that defendant was living as a spouse with the victim. There was clearly no common-law marital relationship as the victim stated that they were not living as husband and wife and that she did not intend to do so. A common-law marriage requires a mutual agreement to marry *in praesenti* made by parties competent to marry, accompanied and followed by the cohabitation as husband and wife, and a holding out of themselves as such in their community as husband and wife so that they are so regarded. The evidence, at best, supports a finding that the defendant and the victim lived together for a relatively short period of time, during which time he failed to support the victim and during which time the victim did not regard their relationship as that of husband and wife. While it is true that a common-law marital relationship is not required but that the category of a person "living as a spouse" also includes a person who is otherwise cohabitating with another, there also appears to be insufficient evidence of cohabitating. The trial court considered the case to constitute only evidence of sexual relations between the defendant and the victim at some unknown time or times.

Defendant was the father of two of the victim's children, at least one of whom was apparently not conceived during the time that they were living together. There was no request by plaintiff to produce additional testimony regarding other elements of cohabitating. Thus, the trial court did not abuse its discretion in finding that the state had failed to prove that defendant had lived as a spouse even if the term "had resided" with the offender is held to be applicable to him. No specific issue has been raised in this appeal concerning the correct timing for this issue to be decided in a domestic violence case and, hence, we offer no opinion on that subject.

Plaintiff's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

YOUNG and HIXSON, JJ., concur.

RICHARD D. HIXSON, J., of the Muskingum County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.